IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JOYCE E. PETERSON (KNIGHT)                                        PLAINTIFF

VS.                                    CIVIL NO. 04-3067

JO ANNE B. BARNHART,
COMMISSIONER, SOCIAL SECURITY ADMINISTRATION              DEFENDANT

## MEMORANDUM OPINION

Joyce Peterson ("plaintiff"), brings this action pursuant to § 405(g) of the Social Security Act

("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of

the Social Security Administration denying her application for supplemental security income benefits

("SSI"), under Title XVI of the Act.

## Background:

The application for SSI now before this court was filed on January 28, 2002, alleging

disability since January 6, 2002, due to chronic obstructive pulmonary disorder and osteoarthritis.

(Tr. 14, 16, 125-128).  An administrative hearing was held on February 21, 2003.  (Tr. 27-41). On

May 8, 2003, the Administrative Law Judge ("ALJ"), issued an unfavorable decision.  Following an

appeal to the Appeals Council, decision was vacated and remanded to the ALJ on July 15, 2003.  A

second administrative hearing was then held on February 11, 2004.  (Tr. 42-75).  Plaintiff was

present and represented by counsel.

On May 25, 2004, the Administrative Law Judge ("ALJ"), issued a written opinion finding

that plaintiff's organic brain syndrome and depression were non-severe impairments that did not

significantly lessen her physical or mental ability to perform basic work activities.  (Tr. 16).  He did,

however, determine that plaintiff's COPD and osteoarthritis were severe impairments, but that they

did not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 16). After discrediting plaintiff's subjective allegations, the ALJ concluded that she maintained the residual functional capacity ("RFC"), to perform a full range of light exertional activities, limited only by her ability to have only occasional exposure to humidity and no exposure to dust, fumes, or pollutants. (Tr. 21, 23). He then found that plaintiff's past relevant work as a housekeeper was not precluded by her RFC, and that she could return to this position. (Tr. 23).

On September 2, 2004, the Appeals Council declined to review this decision. (Tr. 5-8). Subsequently, plaintiff filed this action. (Doc. # 1). The case is now before the undersigned by consent of the parties. Although both parties were afforded the opportunity to file timely appeal briefs, plaintiff chose not to do so.[1] (Doc. # 9). The case is now ready for decision.

**Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists

---

[1]The undersigned notes that plaintiff did file a motion to extend time to file an appeal brief two months after her time period for filing a brief had expired. (Doc. # 10). As such, said motion was denied by the undersigned on April 29, 2005. (Doc. # 11).

**AO72A**
**(Rev. 8/82)**

in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in

AO72A
(Rev. 8/82)

light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920 (2003).

**Discussion:**

Of particular concern to the undersigned is the fact that the ALJ concluded that plaintiff could return to her past work as a housekeeper, as that job is generally performed in the national economy. (Tr. 23). In support of his determination, he indicated that the vocational expert had testified to this fact. (Tr. 23). However, this is not correct. The vocational expert testified that plaintiff would not be able to return to the position of housekeeper, due to her limitations concerning exposure to dust. (Tr. 23). While it is true that the definition of housekeeper, as defined in the Dictionary of Occupational Titles, does not include exposure to dust or chemicals as an environmental condition of the job, we note that the only environmental conditions considered by the DOT, for any position, are as follows: exposure to weather, extreme cold, extreme heat, wet and/or humid conditions, noise, vibrations, atmospheric conditions, moving mechanical parts, electric shock, high exposed places, radiation, explosives, and toxic caustic chemicals. *See generally*, DICTIONARY OF OCCUPATIONAL TITLES, *at* www.westlaw.com. Because the ALJ concluded, in his RFC assessment, that plaintiff should have no exposure to dust, fumes, or pollutants, he should have considered the fact that the position of housekeeper, as that term is generally defined, implies that the worker will be exposed to dust, as well as cleaning chemicals. *See* MERIAM-WEBSTER ONLINE, *at* www.m-w.com. Since the ALJ concluded that plaintiff should avoid all exposure to these elements, we believe that remand is necessary to allow the ALJ to reconsider the work that plaintiff is able to perform, given her RFC assessment.

AO72A
(Rev. 8/82)

We also note that the position described in the DOT as housekeeper is not the position plaintiff performed. DICTIONARY OF OCCUPATIONAL TITLES § 321.137-010, *at* www.westlaw.com. Rather than performing a supervisory type position, as the position is defined by the DOT, plaintiff indicated that she actually performed the work of cleaning. (Tr. 227). *Id*. Since neither the ALJ nor the vocational expert made clear which position in the DOT correlated to plaintiff's PRW, we believe that remand is also necessary to allow the ALJ to recall the vocational expert to clarify the nature and categorization of plaintiff's past relevant work.

Further, after reviewing the entire record, it appears that none of plaintiff's treating physicians have completed an RFC assessment for the time period in question. *See Vaughn v. Heckler*, 741 F.2d 177, 179 (8th Cir. 1984) (If a treating physician has not issued an opinion which can be adequately related to the disability standard, the ALJ is obligated to address a precise inquiry to the physician so as to clarify the record). The ALJ, in concluding that plaintiff could perform the exertional and non-exertional requirements of a full range of sedentary work, relied on an RFC assessment completed by a non-examining medical consultant. (Tr. 22). We note, that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999). Therefore, based on the current evidence of record, we do not find substantial evidence supporting the ALJ's RFC determination.

Accordingly, on remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff, asking the physicians to review plaintiff's medical records; to complete a mental and physical RFC assessment regarding plaintiff's capabilities during the time

5

period in question; and, to give the objective basis for their opinions, so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

The undersigned is also troubled by the ALJ's determination that plaintiff's organic brain disorder was a non-severe impairment. The ALJ may consider an impairment to be non-severe only if a claimant's medical impairments are so slight that it is unlikely he or she would be found to be disabled even if their age, education, and work experience were taken into account. *See Bowen v. Yuckert*, 482 U.S. 137, 153 (1987). "Only those claimants with slight abnormalities that do not significantly limit any 'basic work activity' can be denied benefits without undertaking the vocational analysis." *Bowen*, 482 U.S. at 158.

In the present case, it is documented that plaintiff was suffering from diffuse organic brain dysfunction of moderate severity and a slowly progressive velocity. (Tr. 375). In fact, an evaluating psychologist even concluded that plaintiff had only a fair ability to follow work rules, relate to co-workers, use judgment, interact with supervisors, function independently, understand and remember detailed and simple job instructions, maintain personal appearance, behave in an emotionally stable manner, and relate predictably in social situations. (Tr. 403-404, 488-489). Plaintiff was found to have poor or no ability to understand and remember complex job instructions, demonstrate reliability, deal with work stresses, maintain attention and concentration, and deal with the public. (Tr. 403-404, 488-489). However, the ALJ failed to properly consider these limitations or to take the progressive nature of plaintiff's condition into consideration. *See Bowman v. Barnhart*, 310 F.3d

6

1080, 1084 (8th Cir. 2002) (holding that ALJ failed to consider the progressive nature of plaintiff's

spinal impairments and the relapsing, remitting nature of her systemic lupus); *Reeder v. Apfel*, 214

F.3d 984, 988 (8th Cir. 2000) (holding that the ALJ is not free to ignore medical evidence, rather

must consider the whole record). As such, on remand, he is directed to reconsider plaintiff's organic

brain disorder and the impact in might have on plaintiff's ability to perform work-related activities,

singularly and in combination with plaintiff's other impairments.

## **Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and

therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded

to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

ENTERED this <u>8th</u> day of February 2006.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)