IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JOYCE E. PETERSON                                      PLAINTIFF

v.                     Civil No. 04-3067

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                DEFENDANT

## MEMORANDUM OPINION

On September 28, 2004, Plaintiff, Joyce E. Peterson, appealed to this Court from the denial of her application for social security disability benefits, by the Commissioner of the Social Security Administration (hereinafter "Commissioner")(Doc. #1). On February 8, 2006, the undersigned remanded this matter to the Commissioner for further consideration (Doc. #12 & 13).

Plaintiff's attorney, Frederick S. "Rick" Spencer, filed a Motion For Attorney's Fees pursuant to the EAJA (the *Equal Access to Justice Act*, hereinafter the "*EAJA"*), on April 21, 2006 (Doc. #14-15). On May 4, 2006, the Commissioner filed her Response (Doc. #16). This matter is now ready for consideration.

*28 U.S.C. § 2412(d)(1)(A)* provides that the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The Commissioner has the burden of proving that the denial of benefits was substantially justified. *Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir.1986).*

Plaintiff is the prevailing party in this matter. The Commissioner does not oppose the award of a reasonable attorney's fee under the *EAJA* or the hourly rate requested (Doc. #16).

The Court construes this lack of opposition to the award of a reasonable fee as an admission that the government's decision to deny benefits was not "substantially justified."  However, the undersigned notes that the Commissioner does object to the majority of the number of hours for which compensation is sought.

An award of attorney's fees under the *EAJA* is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to *42 U.S.C. § 406(b)(1)*.  Recovery of attorney's fees under both the *EAJA* and *42 U.S.C. § 406(b)(1)* was specifically allowed when Congress amended the *EAJA* in 1985. *Gisbrecht v. Barnhart, 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002),* citing *Pub.L. 99-80, § 3, 99 Stat. 186 (1985).*

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler, 625 F.Supp. 228, 231 (S.D.Ohio 1985).*  Furthermore, awarding fees under both acts facilitates the purposes of the *EAJA*, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action.  *Id.*  See also, *Cornella v. Schweiker, 728 F.2d 978 (8th Cir.1984).*

In determining a reasonable attorney's fee, the Court will in each case consider the following factors:  time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved.  *Allen*

AO72A
(Rev. 8/82)

v. Heckler, 588 F.Supp. 1247 (W.D.N.Y. 1984).

However, the *EAJA* is not designed to reimburse without limit. *Pierce v. Underwood, 487 U.S. 552, 573 (1988)*. The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS, 923 F.2d 585, 586 (8th Cir.1991),* quoting *Cotter v. Bowen, 879 F.2d 359, 361 (8th Cir.1989)*. The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. See *Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir.1992)* ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The statutory ceiling for *EAJA* fee awards is $125.00 per hour. See *28 U.S.C. § 2 412(d)(2)(A)*. The *EAJA* further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." *28 U.S.C. § 2412(d)(1)(B)*. Attorneys seeking fees under federal fee-shifting statutes such as the *EAJA* are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)*.

Plaintiff's attorney requests an award under the *EAJA* at $140.00 per hour, for the 10.25 hours which he asserts he devoted to the representation of plaintiff in this Court. Plaintiff's counsel seeks $140.00 per hour based upon an increase in the cost of living (Doc. #14 & Doc. #15, Attachment #1).

AO72A
(Rev. 8/82)

The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable. *Hensley v. Eckerhart, 461 U.S. at 437.*

*28 U.S.C.A. § 2412(d)(2)(A)* provides:

> "fees and other expenses" includes....reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that....(ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)

Plaintiff's counsel attached a summary of the September 2005 Consumer Price Index as an attachment to his Motion for Attorney's Fees (Doc. #15, Attachment 1), and thus, has presented sufficient evidence of an increase in the cost of living. Therefore, his argument for increased attorney fees, based on a cost of living increase, has merit. The Commissioner has no objection to the hourly rate requested, $140.00 per hour.

We conclude that awarding an enhanced fee in the amount of $140.00 per hour would not only allow a cost of living increase, but would also promote consistency in the *EAJA* awards in the judicial districts of Arkansas. See *Johnson v. Sullivan, 919 F.2d 503, 505 (8th Cir.1990).* Thus, upon consideration of the above factors, we find that an appropriate hourly rate for the award of attorney's fees in this case is $140.00 per hour.

Further, as has been noted, the defendant objects to the number of hours for which counsel seeks a fee award (Doc. #16). As always, we have carefully reviewed the time records submitted in plaintiff's counsel's itemization and compared same with the docket sheet in this case (Doc. #15, Attachment 5). Specifically, the Commissioner objects to compensation for tasks which do not require an attorney's expertise, the claim of "review of file" on every

AO72A
(Rev. 8/82)

single entry of the itemization, time caused by counsel's delay in filing his brief and reimbursement of copy expenses (Doc. #16, pp. 1-5).

Counsel seeks compensation for: 0.75 hours on November 10, 2004 (letter to US Attorney, Attorney General, and Commissioner enclosing Complaint and Summons; review of file), from which we deduct 0.75 hours; 0.25 hours on April 5, 2005 (Client letter enclosing copy of Defendant's Appeal Brie; review of file), from which we deduct 0.25 hours; 0.25 hours on July 11, 2005 (letter to Mountain Home Christian Clinic advising of representation; review of file), from which we deduct 0.25 hours; and, 0.50 hours on February 20, 2006 (client letter enclosing Affidavit of Plaintiff; preparation of said affidavit; review of file), from which we deduct 0.50 hours (Doc. #15, attachment A-1, pp. 1-2). This time cannot be compensated, in full, under the *EAJA*. *Granville House, Inc. v. Department of HEW, 813 F.2d 881, 884 (8th Cir.1987)* (work which could have been completed by support staff is not compensable under the EAJA). We therefore deduct 1.75 hours from the compensable time sought.

Counsel also seeks compensation for: 0.25 hours on September 29, 2004 (received and reviewed Order granting IFP; review of file), from which we deduct 0.15 hours; 0.25 hours on October 1, 2004 (received and reviewed file-marked copy of Complaint and Summons; review of file), from which we deduct 0.15 hours; 0.50 hours on January 24, 2005 (received and reviewed Answer to Complaint; review of file), from which we deduct 0.40 hours; 0.25 hours on January 28, 2005 (received and reviewed briefing schedule form Court; review of file), from which we deduct 0.20 hours; 0.75 hours on March 28, 2005 (received and reviewed Defendant's Appeal Brief; review of file), from which we deduct 0.50 hours; 0.50 hours on April 19, 2005 (clerk letter enclosing Motion for Extension of Time to file brief;

-5-

preparation of said motion; review of file), from which we deduct 0.50 hours; 1.00 hour on January 9, 2006 (client conference; review of file), from which we deduct 0.50 hours; 0.50 hours on February 9, 2006 (received and reviewed Judgment and Memorandum Opinion from Judge; review of file), from which we deduct 0.25 hours; 1.00 hour on February 13, 2006 (client conference; review of file), from which we deduct 0.25 hours; and 2.00 hours on February 21, 2006 (preparation of Exhibit A; review of file), from which we deduct 1.50 hours (Doc. #15, attachment A-1, pp. 1-2).Counsel asserts that he has expertise in this field of law, and these documents are largely routine. The compensable time sought for the accomplishment of this task is excessive, and we find that an additional 4.40 hours should be deducted.

Counsel also seeks compensation for 0.50 hours on February 8, 2006 (received and reviewed Order Remanding Case from ALJ; review of file), from which we deduct 0.50 hours. We find that counsel is not entitled to compensation for this time, as a review of an order from an Administrative Law Judge, on the same date the Memorandum Opinion and Judgment were filed of record, is not related to this appeal before the district court. Thus, this time and the associated tasks were not performed in representation of the plaintiff before the district court. See *Cornella v. Schweiker, 728 F.2d 978, 988 (8th Cir.1984);* see also, *Shalala v. Schaefer, 509 U.S. 292 (1993); Sullivan v. Hudson, 490 U.S. 877 (1989)* (An attorney is entitled to *EAJA* fees for services rendered at the district court level). Accordingly, the 0.50 hours, alleged for services not performed before the District Court, must be deducted from the total compensable time sought by counsel.

Counsel seeks 10.25 hours. The total deducts equal 6.65 hours. Thus, we find that plaintiff's counsel is entitled to compensation for 3.60 hours spent in the representation of this

AO72A
(Rev. 8/82)

plaintiff before the district court. at the rate of $140.00 per hour, or $504.00.

Counsel also seeks reimbursement for postage expenses in the amount of $16.02 and for 154 photocopies at the rate of 25 cents per page, or $38.50[1] , which would translate to a total attorney's fee award of under the *EAJA*. The Commissioner argues that Counsel is not entitled to reimbursement for expenses because Plaintiff proceeded under the In Forma Pauperis statute, *28 USCA § 1915,* which the Commissioner argues prohibits the assessment of costs against the United States (Doc. #2, 3, 16). However, Counsel seeks attorneys fees and costs pursuant to the *EAJA, 28 USCA § 2412*. *28 USCA § 2412(b)* provides:

> Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

The undersigned finds that *28 USCA § 1915* does not "expressly prohibit" reasonable attorney fees and expenses as contemplated by the *EAJA*. Therefore, plaintiff's counsel is entitled to reimbursement for his expenses for postage and copy costs in the amount of $54.52.

Thus, the total EAJA award in this case should be $558.52. The parties are reminded that the award herein under the *EAJA* will be taken into account at such time as a reasonable fee is determined pursuant to *42 U.S.C. § 406*, in order to prevent double recovery by counsel for the plaintiff.

---

[1]Although counsel's itemization clearly states that he seeks reimbursement for 154 copies at 25 cents each, which actually comes to $38.50, the itemization incorrectly lists the total copy costs sought as $29.20, rather than $38.50.

IT IS SO ORDERED this 16th day of May, 2006.

                                                          /s/Bobby E. Shepherd
                                                        Honorable Bobby E. Shepherd
                                                        United States Magistrate Judge

AO72A
(Rev. 8/82)